IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL THOMPSON,

    Petitioner,                    No. 2:10-CV-2655 MCE DAD P

    vs.

MICHAEL McDONALD, Warden,       ORDER AND

    Respondent.              FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Therein, petitioner raises a due process challenge to the decision of the California Board of Parole Hearings (hereinafter "Board") to deny him parole at his parole consideration hearing held on September 2, 2008. The matter has been fully briefed by the parties and is submitted for decision. Upon careful consideration of the record and the applicable law, the undersigned will recommend that petitioner's application for habeas corpus relief be denied.[1]

/////

/////

---

[1] Petitioner has also filed a request for judicial notice. Good cause appearing, that request will be granted.

1

I. Procedural Background

Petitioner is confined pursuant to a 1975 judgment of conviction entered against him in the Orange County Superior Court following his conviction on charges of first degree murder, conspiracy to commit first degree murder, kidnapping, and assault with great bodily injury. (Pet. (Doc. No. 1) at 2.) Pursuant to that conviction, petitioner was sentenced to seven years to life in state prison. (Id.)

The parole consideration hearing that is placed at issue by the instant federal habeas petition was held on September 2, 2008. (Doc. No. 1-1 at 7-110.) Petitioner appeared at and participated in that hearing. (Id. at 9-110.) Following deliberations held at the conclusion of the hearing, the Board panel announced their decision to deny petitioner parole for one year, as well as the reasons for that decision. (Id. at 102-110.)

Petitioner first challenged the Board's 2008 decision denying him parole in a petition for writ of habeas corpus filed in the Orange County Superior Court. (Answer, Ex. 1.) Therein, petitioner alleged that the Board's 2008 decision violated his right to due process because it was not based on evidence that he posed a current danger to society if released from prison. (Id.) The Orange County Superior Court denied that petition, reasoning that sufficient evidence supported the Board's decision to deny petitioner parole. (Answer, Ex. 4.)

Petitioner subsequently challenged the Board's 2008 decision in a petition for writ of habeas corpus filed in the California Court of Appeal for the Fourth Appellate District. (Answer, Ex. 6.) That petition was summarily denied. (Answer, Ex. 7.) Petitioner then filed a petition for review in the California Supreme Court. (Answer, Ex. 9.) Therein, he claimed that the Board's 2008 decision violated his right to due process under state law and that application of California Penal Code § 2041.5, which increased the minimum parole denial interval from one year to three years, constituted an Ex Post Facto violation. (Id.) That petition was also summarily denied. (Answer, Ex. 8.)

/////

1    On September 30, 2010, petitioner filed his federal application for habeas relief in
2  this court.
3  II. <u>Scope of Review Applicable to Due Process Challenges to the Denial of Parole</u>
4    The Due Process Clause of the Fourteenth Amendment prohibits state action that
5  deprives a person of life, liberty, or property without due process of law.  A litigant alleging a
6  due process violation must first demonstrate that he was deprived of a liberty or property interest
7  protected by the Due Process Clause and then show that the procedures attendant upon the
8  deprivation were not constitutionally sufficient.  <u>Kentucky Dep't of Corrections v. Thompson</u>,
9  490 U.S. 454, 459-60 (1989).
10    A protected liberty interest may arise from either the Due Process Clause of the
11 United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an
12 expectation or interest created by state laws or policies." <u>Wilkinson v. Austin</u>, 545 U.S. 209,
13 221 (2005).  <u>See also</u> <u>Board of Pardons v. Allen</u>, 482 U.S. 369, 373 (1987).  The United States
14 Constitution does not, of its own force, create a protected liberty interest in a parole date, even
15 one that has been set.  <u>Jago v. Van Curen</u>, 454 U.S. 14, 17-21 (1981); <u>Greenholtz v. Inmates of</u>
16 <u>Neb. Penal</u>, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted
17 person to be conditionally released before the expiration of a valid sentence.").  However, a
18 state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release
19 will be granted" when or unless certain designated findings are made, and thereby gives rise to a
20 constitutional liberty interest.  <u>Greenholtz</u>, 442 U.S. at 12.  <u>See also</u> <u>Allen</u>, 482 U.S. at 376-78.
21    California's parole scheme gives rise to a liberty interest in parole protected by the
22 federal Due Process Clause.  <u>Pirtle v. California Bd. of Prison Terms</u>, 611 F.3d 1015, 1020 (9th
23 Cir. 2010); <u>McQuillion v. Duncan</u>, 306 F.3d 895, 902 (9th Cir. 2002); <u>see also</u> <u>Swarthout v.</u>
24 <u>Cooke</u>, 562 U.S. ___ , ___, 131 S. Ct. 859, 861-62 (2011) (finding the Ninth Circuit's holding in
25 this regard to be a reasonable application of Supreme Court authority); <u>Pearson v. Muntz</u>, 639
26 F.3d 1185, 1191 (9th Cir. 2011) ("[<u>Swarthout v.</u>] <u>Cooke</u> did not disturb our precedent that

1  California law creates a liberty interest in parole.") In California, a prisoner is entitled to release
2  on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence,
3  44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).
4        In Cooke, the Supreme Court reviewed two cases in which California prisoners
5  were denied parole - in one case by the Board, and in the other by the Governor after the Board
6  had granted parole. Cooke, 131 S. Ct. at 860-61. The Supreme Court noted that when state law
7  creates a liberty interest, the Due Process Clause of the Fourteenth Amendment requires fair
8  procedures, "and federal courts will review the application of those constitutionally required
9  procedures." Id. at 862. The Court concluded that in the parole context, however, "the
10 procedures required are minimal" and that the "Constitution does not require more" than "an
11 opportunity to be heard" and being "provided a statement of the reasons why parole was denied."
12 Id. (citing Greenholtz, 442 U.S. at 16). The Supreme Court therefore rejected Ninth Circuit
13 decisions that went beyond these minimal procedural requirements and "reviewed the state
14 courts' decisions on the merits and concluded that they had unreasonably determined the facts in
15 light of the evidence." Cooke, 131 S. Ct. at 862. In particular, the Supreme Court rejected the
16 application of the "some evidence" standard to parole decisions by the California courts as a
17 component of the federal due process standard. Id. at 862-63. See also Pearson, 639 F.3d at
18 1191.[2]
19 III. Petitioner's Due Process Claim
20       In petitioner's first ground for relief, he claims that the "Judicial Decision
21 approving the Board of Parole Hearings decision" violated his right to due process because there

---

[2] In its per curiam opinion the Supreme Court did not acknowledge that for twenty-four years the Ninth Circuit had consistently held that in order to comport with due process a state parole board's decision to deny parole had to be supported by "some evidence," as defined in Superintendent v. Hill, 472 U.S. 445 (1985), that bore some indicia of reliability. See Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); McQuillion v. Duncan, 306 F.3d 895, 904 (9th Cir. 2002) ("In Jancsek . . . we held that the process that is due in the parole rescission setting is the same as the Supreme Court outlined in Superintendent v. Hill . . . .")

4

was insufficient evidence before the Board that he posed a current danger to society if released from prison. (Doc. No. 1 at 6.) In his second ground for relief, petitioner claims that the state court decisions upholding the Board's 2008 decision were based on "an unreasonable application of the California some evidence requirement." (Id. at 8, 17.) Petitioner argues that the state courts "failed to determine whether the panel articulated any nexus between its findings and a possible risk to public safety currently posed by petitioner's parole." (Id. at 8.) He also contends that the state courts failed to address some of the claims he raised in his state habeas petitions. (Id.) Both of petitioner's claims set forth in the instant federal petition attack the sufficiency of the evidence relied upon by the Board to find petitioner unsuitable for parole and allege, in essence, that the Board's 2008 decision to deny him parole and the findings upon which that denial was based were not supported by "some evidence" as required under California law.[3]

        Respondent contends that petitioner's due process claims set forth in the instant federal petition have not been exhausted because the claims he raised in state court were based solely on state law. (Answer at 3.) Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting the claims to the federal court. See Baldwin v. Reese, 541 U.S. 27, 29 (2004); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008). A federal claim is fairly presented if the petitioner has described the operative facts and the federal legal theory upon which his claim is based. See Wooten, 540 F.3d at 1025 ("Fair presentation requires that a state's highest court has 'a fair opportunity to consider . . . and to correct [the] asserted constitutional defect.'");

---

[3] Petitioner makes reference to arguments contained in a "Points and Authorities" in support of the instant habeas petition. (Id. at 7.) However, as noted by respondent in the answer, petitioner failed to file a memorandum of points and authorities.

Lounsbury v. Thompson, 374 F.3d 785, 787 (9th Cir. 2004) (same) (quoting Picard, 404 U.S. at 276)); Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999).  This requires petitioner to have "characterized the claims he raised in state proceedings specifically as federal claims." Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005) (emphasis in original) (internal citation omitted).  "In short, the petitioner must have either referenced specific provisions of the federal constitution or cited to federal or state cases involving the legal standard for a federal constitutional violation.  Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." Id. (quoting Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999)).  Thus, a claim is unexhausted where the petitioner did not fairly present the factual or legal basis for the claim to the state court.  See Picard v. Connor, 404 U.S. at 275.  "[I]t is not enough . . . that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982).  As a rule, the "mere similarity of claims is insufficient to exhaust." Duncan, 513 U.S. at 365-66.

However, an application for a writ of habeas corpus "may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).  See Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005) (a federal court considering a habeas petition may deny an unexhausted claim on the merits when it is perfectly clear that the claim is not "colorable").  Here, even assuming arguendo that petitioner's federal due process claims are unexhausted, pursuant to 28 U.S.C. § 2254(b)(2) this court will deny the claims on the merits.[4]

Under the Supreme Court's decision in Cooke this court may not review whether California's "some evidence" standard was correctly applied in petitioner's case.  131 S. Ct. at

---

[4] Respondent also argues that the due process claims set forth in the pending federal petition are untimely under 28 U.S.C. §244(d)(1). (Answer at 4.)  Because AEDPA's statute of limitations is not jurisdictional, see Green v. White, 223 F.3d 1001, 1003-04 (9th Cir. 2000), the court elects to deny petitioner's habeas petition on the merits rather than reach the statute of limitation issue.

6

862-63; see also Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in [Swarthout v.] Cooke that in the context of parole eligibility decisions the due process right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision[.]"); Roberts v. Hartley, 640 F.3d 1042, 1045-46 (9th Cir. 2011) (under the decision in Cooke, California's parole scheme creates no substantive due process rights and any procedural due process requirement is met as long as the state provides an inmate seeking parole with an opportunity to be heard and a statement of the reasons why parole was denied); Pearson, 639 F.3d at 1191 ("While the Court did not define the minimum process required by the Due Process Clause for denial of parole under the California system, it made clear that the Clause's requirements were satisfied where the inmates 'were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied.'")

The federal habeas petition pending before the court in this case reflects that petitioner was represented by counsel at his 2008 parole suitability hearing. (Doc. No. 9-1 at 43.) The record also establishes that at that hearing petitioner was given the opportunity to be heard and received a statement of the reasons why parole was denied by the Board panel. (Id. at 42, et seq; Doc. No. 1-1 at 102-110.) That is all the process that was due petitioner under the Constitution. Cooke, 131 S. Ct. 862; see also Miller, 642 F.3d at 716; Roberts, 640 F.3d at 1045-46; Pearson, 639 F.3d at 1191.

In his traverse, petitioner acknowledges the holding in Cooke, but argues that he was not given sufficient opportunity at the 2008 parole hearing to explain the facts surrounding a number of areas cited by the Board in its decision finding him unsuitable for parole. For instance, petitioner complains that he was not given sufficient opportunity to explain the facts of his commitment offense and/or to correct errors in the factual recitation set forth in the opinion of the California Court of Appeal that was read into the record at his 2008 suitability hearing. (Doc.

No. 12 at 9-19.) He explains that "had [petitioner] been provided with a meaningful opportunity to be heard during the presentation phase of the parole hearing, clearly the record would demonstrate that the Board could not have denied parole with regard to the commitment offense . . . ." (Id. at 10.) Petitioner also argues that, if he had been given sufficient opportunity to be heard, he would have explained why he did not have an "unstable social history;" what he has learned from his misconduct while in prison in terms of personal growth and rehabilitation; how he has accepted responsibility for his criminal acts; and why his prison conduct, including having sexual relations with two correctional employees, should not be seen as an attempted manipulation of the system. (Id. at 9-19.) Petitioner argues, in general, that if he had been given a "meaningful" opportunity to be heard, "the Board would not have denied parole for the reasons stated." (Id. at 12, 13.)

    Essentially, petitioner disagrees with some of the conclusions stated by the Board panel in its decision finding him unsuitable for parole. He argues that he would have been able to refute those conclusions if he had been given the opportunity to address them more fully at his parole hearing. (Id. at 17.) These arguments are unavailing. Petitioner was present at the 2008 suitability hearing, he was represented by counsel, and neither he nor his attorney were prevented from saying anything they wished to say on the record. The court also notes that petitioner asserted his right not to discuss the circumstances of the commitment offense at the hearing and declined to answer questions related to that offense. (Answer, Ex. B to Ex. 1, at 8, 74, 76.) In any event, the Board incorporated petitioner's version of the commitment offense into the record at the parole hearing. (Id. at 9, 12.) After a review of the record before this court, and pursuant to the holding in Cooke, it now plainly appears that petitioner is not entitled to relief with respect to his due process claims. Accordingly, the pending petition for federal habeas relief should be denied.

/////

/////

IV. <u>Request for Judicial Notice</u>

On March 21, 2011, petitioner filed a request that this court take judicial notice of a diagnostic study which was conducted by the California Department of Corrections and presented to the Board at petitioner's 2008 parole consideration hearing. (Doc. No. 13.) The report attached to petitioner's motion appears to be an appropriate subject of judicial notice and has some relevance to petitioner's claims before this court. See <u>United States v. 14.02 Acres of Land More or Less in Fresno County</u>, 547 F.3d 943, 955 (9th Cir. 2008) (Judicial notice is appropriate for public records and "reports of administrative bodies"); Fed. R. Evid. 201(b) ("a judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or 2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."). Accordingly, petitioner's request for judicial notice will be granted.

Nonetheless, the facts that are the subject of petitioner's request for judicial notice do not alter this court's conclusion that he is not entitled to federal habeas relief with respect to the due process claims set forth in the pending federal habeas petition.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that petitioner's March 21, 2011 request for judicial notice (Doc. No. 13) is granted.

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus (Doc. No. 1) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file

objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of appealability to review the denial of a habeas petition challenging an administrative decision such as the denial of parole by the parole board).

DATED: June 20, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8:
Thompson2655.hc